Ms. Kemp. Good morning, Your Honor. Doesn't the appellant usually sit over here? You were instructed by Ms. Harper that we could choose a table and Sounds right to me on a Friday anyway, so proceed with your argument. Thank you, Your Honors. May it please the Court. Count two of the superseding indictments should not have been dismissed in this case because bingo is gambling under federal law and a bingo business in Florida can be an illegal gambling business as defined in 18 United States When does a legal one start being illegal? When does gambling start being illegal? When is the business illegal? When is the business illegal is when the business operates in violation of at least under section 1955 it becomes prohibitory under that section and criminalized once the gambling business operates in violation of relevant state law. How many violations? Our position is although it's unclear under 11th Circuit precedent but based on the way other circuits have ruled that it has to be some law related to gambling and some criminal law. What if it seemed to me that there might be a distinction based on the kind of violation under state law for example as I understand it Florida law provides that no charitable organizations serve as a sponsor of a bingo game conducted by another but such organization may only be directly involved in the conduct of such a game as provided in this act. So if and it might very well be the case here there's a non-charitable organization that is conducting bingo for a charitable organization not directly involved. That would make the business itself illegal. Correct because the provision in the statute for if you are not a charitable organization is that you can't operate it for profit. You as a non-charitable organization can run bingo in Florida so long as all the proceeds of the bingo games go back to the players. If you had an underground gambling ring not licensed anything like that that business itself would be illegal. But it can't be under this law that if every time an otherwise legal gambling business commits some technical violation of the law that that makes the business illegal. I think that the Bala Court is probably correct in that it's not a matter of a one time commission of a mere technical violation. That would certainly make the operators of that business in violation. What about three violations of a technical violation? I think it would depend on the nature of the violations and certainly again while that would make that a violation of state law that wouldn't bring it to the purview of 1955. When does it get to the purview? How many of the restrictions on gambling operations in state law does it have to violate? I don't think there has to be a bright line rule because obviously it depends on the law of the state how the states themselves regulate the type of gambling that's involved. In this particular case we don't really have to broach the issue of where that slope lies because what has been alleged in the superseding indictment is that the business as a whole was in violation. Somebody's going to have to broach it sometime. You're the judge. I'm the jury. I come back in and I said we understand everything except what makes it a illegal gambling business. There have been some violations. We all agree on that. How do we determine whether it's an illegal gambling business? Please instruct us on the law. I think there is some language from the Bala case that the court can find persuasive about... You are the court. Instruct me. That what makes an illegal gambling business illegal is as defined in the statute is that it's a gambling business which is a violation of the law of the state in which it is conducted. How many laws does it have to violate? Is there any violation of the law? Instruct me how I'm to... What the law is that I'm going to apply to the facts that we've just heard the evidence we've heard and the facts we find. When does it become an illegal gambling business? It becomes an illegal gambling business when you find that there has been a sufficient violation of... I'm sorry, Your Honor. I don't understand. What is sufficient? It's the jury. You've got to instruct the jury what... They find the facts, but you've got to tell them the law. And if you say there's got to be enough violations to be sufficient to make it an illegal gambling business, there's no standard. They don't know what that means. I don't know what sufficient means. It's circular. So, how is the jury to determine when this gets to be illegal? The jury has determined that based on... They have to find a minimum that there is a violation during the time... Ms. Kim, let's go back a moment before Judge... Chief Judge Korn started this. I thought you were about to give us a productive answer, but I'm not sure that you're ready to say it. So, you were about to say we don't have to worry about it here. And I thought it was because you were going to say that the government has... That the indictment alleges and that the government is prepared to prove that this business itself is illegal. That you don't have to worry about violations by a legal business. The business itself is illegal and that would make it an easy thing to charge the jury about. Am I wrong? Your Honor, we don't understand. We appreciate your effort to clarify, but we don't understand what makes it illegal. When does it become illegal? We've heard evidence about violating this restriction, violating that restriction, possibly violating a third restriction. How do we decide whether it's... Whether it is... The business is itself a violation of the law of the state or it's simply violated some of the laws of the state? Well, in terms of that prong, I think you just... You do need to prove that there has been a violation of the state law and that... How about the one that I mentioned? How about the non-charitable organization that is operating that business for another? That makes the business itself illegal, does it not? It does make the business itself illegal. Is that one of the things that you're prepared to prove here? Yes, that essentially we have talked about, Your Honor, but we don't think they've proved it, but they've proved other violations. Now tell us what the general principle is, the general standard. You didn't allege here that it was a non-charitable organization running it in the guise of a charity. Yes, that's to count two of the superseding indictment, and so what you as the jury need to find is that the business itself in the way that it was conducted was conducted in a manner to violate the statute. Made the business illegal or anything that it... or just discreet acts of that business were illegal? Isn't that the distinction that you're going to have to make to survive here? Yes, that there... the discreet acts that were made by the business is a consideration for the jury to consider whether the business itself was illegal. It is true that the case law shows that 1955 itself is a general intent statute, but if we look to the four statutes, the Florida statutes, that were alleged in count two of the superseding indictment, what is required to find a violation is knowing and willful. To that extent, the jury must look to the intent of the defendants as the operators of the business as they're charged in count two of the superseding indictment. Whether they were willfully engaging in those, let's call them technical violations of the bingo statute or the other Florida gambling statute, and even if it is a one-time technical violation, if they were willfully engaging in that in the course of their business, then I would say that that's sufficient for the jury to convict. Or at least the jury to make a finding under the definition of a legal gambling business under 1955 A1, they also need to find all of the other. Any discrete violation of Florida law will make the business itself illegal is your position? Any violation of a criminal gambling statute can be a predicate for the definition of a legal gambling business. If they one day give out a prize in excess of $250, that makes the business itself illegal? No, that makes the business in a violation of the law of the state. That doesn't mean that they get convicted under section 1955. Well, how can they get convicted under section 19? Suppose they every day give out a prize worth $275. Does that make them an illegal gambling business? It makes them an illegal gambling business if they are a business that is engaged in gambling. They are willfully giving out jackpots in the amount of $275 every day knowing that that's against state law. Then their business involves five or more people as well as the fact that in a single day they earn more than $2,000. Yes, they would be subject to prosecution. Suppose they willfully do it one day. Does that make them an illegal gambling business? If they make a gross revenue of over $2,000 in that single day. Whenever all the thresholds are, they give $275 one day out of 365 days. That makes them an illegal gambling business. I think technically under 1955 it does. You realize the huge due process issues that are at stake here. A defendant has to be on notice of what it is that violates the law. At what point they are crossing the line. You say if it's a sufficient number. What could be more vague than that? Perhaps sufficient would not be the correct word to use. Do you see the problem we're having? I do. It is part of the way that Congress wrote it. Instead of writing that it's a gambling business which commits a violation of state law or is in violation of state law, it states that it's a gambling business which is a violation of state law. I think there has to be some sort of element. I think the ball of court is correct in that. The business itself has to essentially exist for the purpose or the main intent of the business has to be to be a violation of state law. To be an illegal gambling business. If you're charging somebody with criminal RICO, federal not state, you have to allege the predicate acts in the indictment. You haven't alleged what violations there are of this particular section. I'm not saying this is a RICO prosecution. I'm just saying analogously to give the defendant notice of how he's alleged to be an illegal gambling business, shouldn't you have to specify, and for us to determine whether or not you've stated a crime, shouldn't you have to specify what supposedly he did? That's why we put the specific statutes. If the defendants need particulars as to which subsections of those statutes that they're believed to have alleged, a bill of particulars would suffice but not dismissal of the indictment. What the indictment alleges is that the business, because the business was violating 849-01, 02, and 03, and then 09-31, that that made the business itself illegal. Yes. The actual count too doesn't allege those subsections. It does. Count two of the superseding indictment doesn't list those four specific sections of Florida State law. Okay. You've got your five minutes. Thank you, Your Honor. Good morning, Your Honor. David L. McGee for Appalachian. As you have noted, the government is attempting in this case to turn misdemeanor vehicle violations in the state of Florida into federal racketeering violations under the gambling laws. It is, of course, our contention that they cannot do so. There are a couple of reasons I'd like to emphasize on that, although there are many paths to the home on this. There are two that are, I think, the simplest and most direct. The first has to do with the requirements of the federal statute predicate acts. The federal statute requires that as a predicate, a violation of state gambling laws must have been committed. The government acknowledges this at page nine of their brief. The section 1955 also borrows from the state the definition of what is an illegal gambling act. So, the federal government, in bringing a 1955 act, is forced to rely on the state's definition of what constitutes a gambling violation in the state of Florida. And it is the state that defines what is illegal gambling in the state of Florida and the government is bound by the state's definition. The Florida courts, including the Supreme Court in the Bradenton 2 case and the Fifth District Court of Appeal in Bradenton 3, have concluded that violations of the bingo statute in Florida do not constitute illegal gambling. And they very specifically held that. So, if you read Justice Overton's dissent in Bradenton 2, he makes it very clear what they have just held. And the Fifth District Court of Appeal does the same thing. Justice Overton says that the majority has said that bingo is not a lottery and consequently that no person can be charged with a gambling offense for operating a bingo game in Florida. Well, that is the ruling of the Florida Supreme Court whose job it is to define what the laws in Florida are and it is that ruling that binds the government because they are bound by state law. This is in no small part because the Florida lottery statute specifically excludes from its purview bingo. Bingo is not covered by the lottery statute in Florida. It says so specifically in 849.0931. The appellate court, the Fifth District Court of Appeal. So, your position is if somebody is running a thousand dollar card bingo game behind closed doors at the end of a long unpaved road and they don't register, they don't, every jackpot, a thousand bucks, the whole business, that's not an illegal gambling? It's not illegal gambling as defined in the state of Florida. It is illegal in the state of Florida and there are criminal penalties for it but those penalties aren't, don't come... What makes it illegal? The violation of the bingo statute. First offense is a first degree misdemeanor, second is a felony. So, it's criminal? It's criminal. But it's not illegal? No, it's not gambling. It's not illegal gambling as defined by the state of Florida and that's specifically what they say in Bradenton 2 and Bradenton 3. It's gambling that is conducted in an illegal manner? It is bingo that is conducted in an illegal manner. Federal law, bingo is gambling, right? Under federal law, bingo is gambling, is it not? I don't know. You can argue about that but even if you accept that premise, federal law is not the issue here. The issue is state law. It's a federal indictment, right? It is a federal indictment but it's a federal indictment based on a statute that borrows state law. It relies on state law to define what is illegal gambling. But not for the purpose of defining what is gambling. That's a matter of federal law. Or defining what is illegal gambling, it is. Yeah, well, alright, but if it's gambling under federal law and the gambling that is being conducted is illegal under state law, then that's one where I respectfully disagree with you there. And how do I know that? How do you know that? What would you point me to explain that that's wrong? The state relies on the federal government. It relies, in a 1955 count, on state law. Page 11 and 12. What would tell me that something that federal law defines as gambling, it doesn't matter if the state doesn't define it as gambling? There is abundant case law that the federal government borrows from the state. It's the definition of illegal gambling. What makes it illegal, but not what makes it gambling? No, I think the language is what makes it illegal gambling. Illegal gambling. It's gambling under federal law. If it's gambling under federal law, the question now is whether it's legal or not under state law. I disagree. I think it's got to be illegal. I know you disagree with it, but what authority would make the distinction? I'd go to the statute itself, which says it's a business that defines illegal gambling business in a language... A violation of the law of the state. Yeah, which is a violation... A business is a violation. It's a gambling business. It's a violation. There's nothing in the statute that says that the state gets to redefine the federally defined term of gambling. The state is... The federal government relies on the state to define what is illegal gambling. If you say that any illegal gambling... If you use the common parlance for gambling rather than the state, then you've got a lot of problems because a lot of states legalize many forms of gambling. Sure they do. Right. If it's not a violation of state law, we don't have a problem, but I don't understand how it is that the state can define what is gambling as a matter of federal law. They can make it legal. Let me point out that... They can make it illegal, but I don't think they get to define what is gambling. I think... Not just me. The Florida Supreme Court and the 5th District Court of Appeal both think that you cannot take a 1955 and turn it into an illegal gambling. I'm not sure that it really matters to me very much what the Florida Supreme Court thinks about a federal statute. It's not just the federal statute. They define Florida law and you have to rely on Florida law to make this case. You have to rely on Florida law to define what is illegal or not. I believe that you rely on Florida law, Your Honor, to determine what is illegal gambling. You take... I'm with you on that. I don't think they get to redefine gambling, but I don't know how productive we're being right now. Let's assume, for the sake of argument, federal law defines what gambling is. What the government has to prove, is that the business itself is conducting what is under federal law defined as and we'll assume that it is gambling as a matter of federal law, but the question is whether the business itself is a violation of state law. Right? There are certain kinds of violations under Florida law, are there not, that would make the business itself illegal. If you're a non-charitable organization conducting the business for another who's a charitable organization not directly involved, that business itself is a violation, isn't it? I don't think it's an illegal gambling business and I think the intent could be... Why not? Because it is not gambling under state law. We'll get back to this later. I asked you to assume that's not what was under debate. Yes sir. I think if you take your basis then you would have to prove that their intent was to violate the gambling law. That their purpose was to violate the gambling law. I don't think you can define it to be an illegal business because it violates some regulation promulgated by the state of Florida related to bingo. What if it's an underground... Let's go back to Chief Judge Karnes' question. What if it's unlicensed, underground bingo hall? The business itself would be illegal, wouldn't it? It would be. The question is would it be illegal and is one question. The other question is would it be illegal gambling under the... I understand your whole argument about gambling. We'll figure that out. Let's say you're wrong about that. It would be illegal because it violated the bingo laws of the state of Florida. The business itself would be illegal. That's a more difficult definition. I don't think that you can say it's illegal. What I don't hear anyone doing today is trying to defend Judge Rogers' rationale. With all due respect, the statutes are a mess in this case and Judge Rogers was confronted with the Florida legislature's usual opaqueness with regard to... Well, the part that seems to me like the real problem is that 1955 doesn't say a violation of the laws of a state regulating gambling. It says the business is a violation of state law. I absolutely agree with Your Honor on that. Business has got to be a violation. It's got to be an illegal business. But it's got to be an illegal gambling business. And so if it's... What is gambling is determined by the state. And we disagree on that. If you look at page 11 and 12, they cite there's a forfeiture case and it's got a bunch of numbers. It's a forfeiture of a house. And the circuit quote's in there. And this is the definition of what is... Where the definition of gambling comes from. And they say it's got to be illegal gambling as defined by the state of Florida. They cite that in their brief. We'll look at every case that's cited in every brief. I haven't seen one yet that suggests that the state gets to define what is gambling. The state gets to define what kind of gambling is legal or not. I believe that you'll find that that case in particular, and I believe that there are others that say that the state defines what is illegal gambling. Wasn't it one of the two or three where the Florida Supreme Court said that a violation of the gambling laws of Florida didn't qualify, at least at that time, under the Florida RICO, which incorporated violations of federal law, including section 1955? Okay. So Florida Supreme Court, assuming... Bradenton, too. You're talking about the Supreme Court. Good. Right in the middle. Moderate. I won't draw the analogy, but... All right. Here's the deal. The Florida Supreme Court says a violation of our statutes does not amount to a violation of federal section 1955. We're not usurping Florida law. It's just that if it's a violation of federal law, it's a predicate act for RICO purposes. Okay. So we have to determine whether a violation of Florida law converts a business into an illegal gambling business under Florida law because that's the 1955 standard. All right. So Bradenton, too, stands for the proposition that under Florida law, the Florida Supreme Court, the final expositor of Florida law, whose decisions about state law we have to follow, has held that it doesn't make a business an illegal gambling business under state law for it to violate the restrictions on gambling. I agree with that. That is exactly... That argument's not in your brief. It seems to me like the strongest argument you could have. That's my argument today, Your Honor, and that's what I began with. And I think you will find it in the brief. No, I didn't. But that is the argument, and I would add to that that that decision is reinforced by the Fifth District Court of Appeal, which affirms that that is the intent of the Florida legislature. And Judge Breyer, I know you talked about, well, what if it's for-profit people that kind of take over? Well, that was the Bradenton case. That was the facts of the Bradenton case. They were a commercial enterprise who were renting the hall, and the allegations in that case were exactly what you described. And the Florida Supreme Court says that's not a lottery violation in the state of Florida, nor was it a predicate of 1955. Well, I mean, I'll just tell my view. The Florida Supreme Court doesn't get to be the final expositor of federal law. But they do get to be the final expositor of state law. That's correct. And they have necessarily held in Bradenton 2 that it doesn't, under the state of Florida,   organization to run a bingo operation into an illegal gambling business under Florida law to violate the regulatory restrictions on bingo. Unambiguous law in the state of Florida. Have they held that a non-charitable organization that is running an illegal, that is running a bingo operation, not directly for a charitable organization, have they held that that's a legal business? Not in the terms that you described. They did hold that. It's not a violation of the lottery, Florida's lottery statute, and it's not a violation of 1955. Do you concede that it is a violation that a business, a bingo business, that's non-charitable, being run by a non-charitable organization, not directly for a charitable organization, that business violates Florida law? No, and I think they discussed that, Your Honor. If you can... I'll go read the opinion. Florida law does not limit the operation of bingo to charitable organizations. There's a whole section in the bingo statute that the prizes have to be distributed among the players. You can't keep the prizes, but you can conduct bingo. And you have to distribute a set amount. Well, you have to distribute everything. You have to distribute the proceeds. Yes, sir. You can get into an argument about what the proceeds are and how much you pay for the rent and all of that, but essentially you have to distribute the proceeds to the players. It's like the poker game at your house. You can make money there, but the house can't make money. All right. Thank you, Mr. McGee. Ms. Kim, five minutes. So, my question to you is if a bingo operation does everything that the one did in Bradenton 2 violates all the subsections that the one in Bradenton 2 violated, does that violate 1955? Yes, Your Honor, because what Bradenton 2 held was that it was not a lottery, as Mr. McGee said, and that it was not Florida Rico at the time, but that is completely irrelevant to whether it was. No, it isn't if Florida Rico is defined as an illegal gambling operation under Florida law. Illegal gambling business under Florida law. If the Florida Supreme Court has said at the beginning and in the end, we want to make one thing clear, violation of all these gambling restrictions does not under Florida law make a business an illegal gambling business. Would that preclude a 1955 prosecution in this case? No, because in 1955 there's a special statutory definition of illegal gambling business and that... Yeah, but it says under Florida law is a violation. The business is a violation of the law of the state. If Florida Supreme Court said, we'll make this clear, all these violations does not make the business a violation of the law of the state of Florida, period. Would that preclude your prosecution? If there was a Florida Supreme Court case holding that, but Bradenton 2... Alright, and what I'm... Tell me why Bradenton 2, which says for Florida purposes applying Florida law, the operation of this business is not an illegal business, gambling business under Florida law and therefore does not qualify as a violation of 1955, which would itself violate Florida... be a predicate act for Florida RICO purposes. This... You can't say all these violations aren't at the time of Bradenton 2 aren't a violation of the state RICO statute predicate offense. I say violation. Aren't a predicate offense for Florida RICO purposes without saying they don't violate, they don't constitute an illegal gambling business. The... The Florida Supreme Court didn't actually discuss 1955 or the federal law predicate. It was Bradenton 3, the court of appeals, that later said they must have looked at it, so we're not going to touch it. And at most, Bradenton 3 says that when the 1955 is predicated on Florida bingo statute, that will not be sufficient for a Florida RICO act civil prosecution. And I agree with Judge Pryor that even if that is what the Florida court was holding, they don't get to decide what does and doesn't qualify under 1955. You would agree with me that they get to decide whether a business is a violation of the law of the state of Florida. Of the RICO act, yes. Then the question is whether Bradenton 2 illuminated by Bradenton 3 determined that violating the bingo statute in several different ways didn't make a business a violation of illegal business under the state of Florida. No, they simply held that it could not have been a predicate, a racketeering predicate as defined by the Florida RICO act. Let me go at it another way. If the Florida Supreme Court had said we're going to follow this out, we determined that a violation of the gambling statutes makes a bingo operation an illegal or unlawful gambling business under Florida law. That would necessarily have compelled the conclusion that it was a predicate act under the state RICO statute, would it not? Would it not? At that time I don't know the way that the RICO act was written. They said any violation of Florida law, I'm sorry, any violation of federal law relating to gambling was a state predicate act for RICO. That is correct. Okay. Whether it violated federal law 1955 necessarily depended on whether under state law it was an illegal gambling business. Did it not? Not under state law. It depended on whether it was illegal under state law but the illegal gambling business is defined by federal law as Mr. McGee pointed out. Part of the problem was they could misunderstand 1955 though. Yes. I think the Court of Appeals did. So now in the interest of comedy and federalism, which we all believe in, we're to presume that the state Supreme Court instead of interpreting state law the way we do misunderstood federal law. No, because the idea of whether the BINGO statute could predicate 1955 to predicate a Florida RICO statute was not before the Florida Supreme Court because at that time the state of Florida had not alleged in their information the federal subsection of the Florida RICO Act that incorporated the federal law. So that question was never for the Florida Supreme Court. You mean state RICO Act? Yes, the state subsection of the state RICO Act that incorporated the federal racketeering statute. Okay. Thank you. We'll take that case under submission. Next one up is Stamper v. Duval County Schools.